UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

DAVID LEE
on behalf of himself and all
others similarly situated,

    Plaintiff,

  v.

UL LLC,
a Foreign Corporation

    Defendant.

Case No. 17-cv-1617

**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiff, David Lee, on behalf of himself and all other similarly situated current and former exempt Field Specialist/Field Engineer employees of Defendant, UL LLC, for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant, UL LLC, is a Northbrook, Illinois entity that provides safety consulting and certification services to its customers globally.

3. Defendant operated (and continues to operate) an unlawful compensation system that deprives current and former Field Specialist/Field Engineer employees of their wages earned for all compensable work performed each workweek, including the requisite overtime pay

premium for each hour worked over forty (40) hours in a workweek. Specifically, Defendant failed to compensate its current and former Field Specialist/Field Engineer employees at an overtime rate of pay for all compensable work performed beyond forty (40) hours each workweek by improperly classifying these Field Specialist/Field Engineer employees as "salaried, exempt" for compensation purposes, despite these employees primarily performing non-exempt duties each workweek.

4. Defendant's deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

7. Within the three (3) years preceding the filing of this Complaint (ECF No. 1), Defendant employed individuals, including in the position of Field Specialist/Field Engineer, who performed compensable work in the State of Wisconsin.

8. Defendant's registered agent for service of process in the State of Wisconsin is CT Corporation System, 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

9. For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

2

10. Plaintiff, David Lee, is an adult male resident of the State of Wisconsin residing at 524 South Fidelis Street, Appleton, Wisconsin 54915.

11. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b), was contemporaneously filed with this Complaint (ECF No. 1).

12. Plaintiff brings this action on behalf of himself and all other similarly situated current and former Field Specialist/Field Engineer employees who work at, worked at, and/or were employed by Defendant at its United States locations within the last three (3) years from the date of filing of the Complaint. Plaintiff performed similar job duties as other current and former Field Specialist/Field Engineer employees who work at and/or are employed by Defendant and who were subjected to Defendant's same unlawful policies as enumerated herein.

13. Within the three (3) years preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work for Defendant in the State of Wisconsin and other states.

14. Plaintiff and all other current and former Field Specialist/Field Engineer employees on whose behalf he brings this Complaint performed compensable work at Defendant's United States locations owned and operated by Defendant.

15. Among other things, Defendant: (1) supervises Plaintiff's and all other Field Specialist/Field Engineer employees' day-to-day activities; (2) has the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other Field Specialist/Field Engineer employees; (3) has the ability and authority to review Plaintiff's work performance and the work performance of all other Field Specialist/Field Engineer employees; (4) establishes the work rules, policies, and procedures by which Plaintiff and all other Field Specialist/Field Engineer employees abide in the workplace; (5) controls the terms and conditions of Plaintiff's and all other Field Specialist/Field Engineer employees' employment; (6) establishes Plaintiff's

3

and all other Field Specialist/Field Engineer employees' work schedules; (7) provides Plaintiff and all other Field Specialist/Field Engineer employees with work assignments and hours of work; and (8) tracks and records Plaintiff's and all other Field Specialist/Field Engineer employees' hours of work.

## GENERAL ALLEGATIONS

16. In approximately November 2007, Plaintiff began his employment with Defendant.

17. From approximately November 2007 to March 31, 2017, Plaintiff performed compensable work on behalf of and at the direction of Defendant in the position of Field Specialist.

18. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Defendant classified Plaintiff and all other individuals employed in the position of Field Specialist as "salaried, non-exempt" for compensation purposes – meaning, Defendant compensated Plaintiff and all other Field Specialists with overtime pay for compensable work performed beyond forty (40) hours each workweek.

19. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists performed Inspection work.

20. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff performed inspections exclusively on fire trucks and/or fire truck parts.

4

21. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff's and all other Field Specialists' job duties primarily included physically performing non-destructive testing (such as welding inspections, pump testing inspections, aerial inspections, and ground ladder testing) on Defendant's customers' products.

22. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists physically performed their job duties outside, in weld shops, and/or in factories.

23. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists physically performed their job duties off-site and/or away from Defendant's place of business.

24. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists did not perform their job duties in an office setting.

25. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff's and all other Field Specialists' job duties primarily included performing manual labor.

26. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists regularly travelled from customer to customer or from work-site to work-site during the work day and/or on weekends.

27. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists regularly travelled for special one-day assignments in other cities or locations during the work day and/or on weekends.

28. At times during Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists travelled away from home overnight on work days and/or on weekends.

29. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff's and all other Field Specialists' job duties primarily involved the use of skills and technical abilities in gathering factual information, applying known standards or prescribed procedures, determining which procedure to follow, and determining whether prescribed standards or criteria were met.

30. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff's and all other Field Specialists' job duties primarily involved performing specialized work along standardized lines involving well-established techniques, procedures, or specific standards that were catalogued or described in Defendant's (or others') manuals or handbooks within closely prescribed limits in order to determine the correct response to an inquiry or set of circumstances.

31. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff's and all other Field Specialists' job duties did not directly relate to Defendant's management or general business operations.

32. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists did not compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after various possibilities have been considered.

33. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists did not have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

34. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists did not manage, run, or operate any department or division of Defendant.

35. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, no other employees of Defendant reported directly to Plaintiff or any other Field Specialists.

36. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists did not have the authority or actual ability to hire, fire, demote, promote, and/or establish the terms and conditions of any other employees' employment at Defendant.

37. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, the performance of Plaintiff's and all other Field Specialists' job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

38. Effective April 1, 2017, Defendant changed Plaintiff's and all other Field Specialists' compensation classification status from "salaried, non-exempt" to "salaried, exempt" – meaning, Defendant would no longer compensate Plaintiff and all other Field Specialists with overtime pay for compensable work performed beyond forty (40) hours each workweek.

39. Subsequent to April 1, 2017, Defendant changed Plaintiff's and all other Field Specialists' job titles from "Field Specialist" to "Field Engineer."

40. Subsequent to April 1, 2017, the job duties of the Field Engineer position did not change or differ in any way as they existed prior to April 1, 2017: the job duties of the "Field Engineer" position were exactly the same as the job duties of the "Field Specialist" position.

41. Prior to April 1, 2017, Plaintiff worked between approximately forty (40) to forty-five (45) hours per workweek.

42. Subsequent to April 1, 2017, Plaintiff worked between approximately forty-five (45) to fifty (50) hours per workweek.

43. Subsequent to April 1, 2017, Plaintiff and all other Field Engineers received only a bi-weekly salary as compensation for work performed beyond forty (40) hours each workweek.

44. Subsequent to April 1, 2017, Defendant did not compensate Plaintiff and all other Field Engineers at an overtime rate of pay for work performed beyond forty (40) hours each workweek.

45. Shortly prior to April 1, 2017, Defendant held a conference call with Plaintiff and other Field Specialists/Field Engineers, wherein Defendant stated that it was converting every Field Specialist/Field Engineer's compensation status from "salaried, non-exempt" to "salaried, exempt" in order "to make the work-life balance better," or words to that effect.

46. Plaintiff and all other Field Engineers electronically record time worked each workweek via Defendant's computer and/or software system.

47. Defendant has access to and records Plaintiff's and all other Field Engineers' electronically recorded time worked each workweek via its computer and/or software system.

48. Despite having a detailed record of time actually worked by Plaintiff and all other Field Engineers subsequent to April 1, 2017, Defendant did not properly and lawfully compensate Plaintiff and all other Field Engineers for all hours actually worked, including at an overtime rate of pay.

49. Defendant was or should have been aware that Plaintiff and all other Field Engineers primarily performed non-exempt job duties each workweek during their employment with it and, subsequent to April 1, 2017, were legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

50. Defendant's unlawful pay practices described above resulted in Plaintiff and all other Field Engineers being deprived of overtime pay for all hours worked beyond forty (40) in a workweek.

51. Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other Field Engineers at an overtime rate of pay for all hours worked beyond forty (40) in a workweek.

52. Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Plaintiff and all other Field Specialist/Field Engineers frequently worked in excess of forty (40) hours per workweek.

53. As a result of Defendant's unlawful policies and practices as described above, Plaintiff and all other Field Engineers did not receive anywhere from approximately ten (10) minutes to twenty (20) hours of compensation at an overtime rate of pay for work performed each workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

54. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective Class**: All persons who are or have worked at and/or been employed by Defendant in the position of Field Specialist and/or Field Engineer within three (3) years prior to this action's filing date (ECF No. 1) and who have not been compensated at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's "salaried, exempt" compensation classification.

55. Plaintiff and the FLSA Collective Class primarily performed non-exempt job duties each workweek subsequent to April 1, 2017 and, thus, were legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

56. Defendant, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective Class for all hours of compensable work performed during a workweek.

57. These practices resulted in Plaintiff and the FLSA Collective Class being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) in a workweek.

58. Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work during the workweek without proper compensation for all hours of work. The effect of such a practice was for Defendant to deny the FLSA Collective Class their agreed upon wages, including overtime compensation at one and one-half times the regular rate, for the hours worked that were not counted as work.

59. The Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective Class.

60. The FLSA Collective Class claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

61. Upon information and belief, Plaintiff and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective Class.

62. Plaintiff and the FLSA Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked including overtime compensation.

63. The FLSA Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Class via first class

mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

64. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective Class.

## CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938, as Amended
**(Plaintiff on behalf of himself and the FLSA Collective Class)**

65. Plaintiff, on behalf of himself and the FLSA Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

66. At all times material herein, Plaintiff and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

67. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective Class as provided under the FLSA.

68. At all times material herein, Plaintiff and the FLSA Collective class were employees of Defendant as provided under the FLSA.

69. Plaintiff and the FLSA Collective Class are victims of uniform compensation policy and practice in violation of the FLSA.

70. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

71. Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective Class their agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

72. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

73. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

74. Defendant's failure to properly compensate Plaintiff and the FLSA Collective Class and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

75. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective Class for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

76. Plaintiff and the FLSA Collective Class are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

77. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former Field Specialist/Field Engineer employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Field Specialist/Field Engineer employees of Defendant damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Field Specialist/Field Engineer employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

e) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated Field Specialist/Field Engineer employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Provide Plaintiff and all other similarly-situated Field Specialist/Field Engineer employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 20th day of November, 2017.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Kelly L. Temeyer, State Bar No. 1066294

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
ktemeyer@walcheskeluzi.com