# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| DAVID LEE, <br><br> Plaintiff, <br><br> v. <br><br> UL LLC, <br><br> Defendant. | Case No. 1:17-cv-01617-WCG <br><br> Honorable William C. Griesbach |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant UL LLC ("UL"), by and through its attorneys, Winston & Strawn LLP, answers the complaint herein as follows:

## PRELIMINARY STATEMENT

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiff, David Lee, on behalf of himself and all other similarly situated current and former exempt Field Specialist/Field Engineer employees of Defendant, UL LLC, for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**ANSWER:** UL admits that this action purportedly arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Except as expressly admitted, UL denies the allegations in Paragraph 1.

2. Defendant, UL LLC, is a Northbrook, Illinois entity that provides safety consulting and certification services to its customers globally.

**ANSWER:** UL admits that it is a Delaware limited liability company with its principal office in Northbrook, Illinois. Answering further, UL admits that it is a global safety science company that provides safety certification services. Except as expressly admitted, UL denies the allegations in Paragraph 2.

3. Defendant operated (and continues to operate) an unlawful compensation system that deprives current and former Field Specialist/Field Engineer employees of their wages earned for all compensable work performed each workweek, including the requisite overtime pay premium for each hour worked over forty (40) hours in a workweek. Specifically, Defendant failed to compensate its current and former Field Specialist/Field Engineer employees at an overtime rate of pay for all compensable work performed beyond forty (40) hours each workweek by improperly classifying these Field Specialist/Field Engineer employees as "salaried, exempt" for compensation purposes, despite these employees primarily performing non-exempt duties each workweek.

**ANSWER:** UL denies the allegations in Paragraph 3.

4. Defendant's deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA.

**ANSWER:** UL denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

**ANSWER:** UL admits the allegations in Paragraph 5.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

**ANSWER:** UL admits that venue is proper and that it does business within this District. Except as expressly admitted, UL denies the allegations in Paragraph 6.

## PARTIES

7. Within the three (3) years preceding the filing of this Complaint (ECF No. 1), Defendant employed individuals, including in the position of Field Specialist/Field Engineer, who performed compensable work in the State of Wisconsin.

**ANSWER:** UL admits that it employs individuals in the position of Field Engineer. UL further admits that some individuals employed in this position perform work in Wisconsin. Except as expressly admitted, UL denies the allegations in Paragraph 7.

8. Defendant's registered agent for service of process in the State of Wisconsin is CT Corporation System, 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

**ANSWER:** UL admits the allegations in Paragraph 8.

9. For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**ANSWER:** UL admits the allegations in Paragraph 9.

10. Plaintiff, David Lee, is an adult male resident of the State of Wisconsin residing at 524 South Fidelis Street, Appleton, Wisconsin 54915.

**ANSWER:** UL is without knowledge or information sufficient to form a belief as to the current residence of Plaintiff and, therefore denies same.

11. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b), was contemporaneously filed with this Complaint (ECF No. 1).

**ANSWER:** UL admits that "NOTICE by David Lee *of Filing Consent To Join Form*" (ECF No. 4) was filed on November 21, 2017. Except as expressly admitted, UL denies the allegations in Paragraph 11.

12. Plaintiff brings this action on behalf of himself and all other similarly situated current and former Field Specialist/Field Engineer employees who work at, worked at, and/or were employed by Defendant at its United States locations within the last three (3) years from the date of filing of the Complaint. Plaintiff performed similar job duties as other current and former Field Specialist/Field Engineer employees who work at and/or are employed by Defendant and who were subjected to Defendant's same unlawful policies as enumerated herein.

**ANSWER:** UL admits that Plaintiff purports to bring this action on behalf of himself and other employees purportedly similarly situated who work, or who worked as "Field Specialist/Field Engineer" employees within the last three years from the date of filing of the Complaint. Except as expressly admitted, UL denies the allegations in Paragraph 12.

13. Within the three (3) years preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work for Defendant in the State of Wisconsin and other states.

**ANSWER:** UL admits the allegations in Paragraph 13.

14. Plaintiff and all other current and former Field Specialist/Field Engineer employees on whose behalf he brings this Complaint performed compensable work at Defendant's United States locations owned and operated by Defendant.

**ANSWER:** UL admits that it employs individuals in the Field Engineer position. Except as expressly admitted, UL denies the allegations in Paragraph 14.

15. Among other things, Defendant: (1) supervised Plaintiff's and all other Field Specialist/Field Engineer employees' day-to-day activities; (2) has the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other Field Specialist/Field Engineer employees; (3) has the ability and authority to review Plaintiff's work performance and the work performance of all other Field Specialist/Field Engineer employees; (4) establishes the work rules, policies, and procedures by which Plaintiff and all other Field Specialist/Field Engineer employees abide in the workplace; (5) controls the terms and conditions of Plaintiff's and all other Field Specialist/Field Engineer employees' employment; (6) establishes Plaintiff's and all other Field Specialist/Field Engineer employees' work schedules; (7) provides Plaintiff and all other Field Specialist/Field Engineer employees with work assignments and hours of work; and (8) tracks and records Plaintiff's and all other Field Specialist/Field Engineer employees' hours of work.

**ANSWER:** UL admits that it has the ability and authority to hire, terminate, promote, demote and suspend Plaintiff and other Field Engineer employees, has the ability and authority to review Plaintiff's work performance and the work performance of other Field Engineer employees, establishes the work rules, policies, and procedures by which Plaintiff and other Field Engineer employees abide in the workplace, and controls the terms and conditions of Plaintiff's and other Field Engineer employees' employment. Except as expressly admitted, UL denies the allegations in Paragraph 15.

## GENERAL ALLEGATIONS

16. In approximately November 2007, Plaintiff began his employment with Defendant.

**ANSWER:** UL admits the allegations in Paragraph 16.

17. From approximately November 2007 to March 31, 2017, Plaintiff performed compensable work on behalf of and at the direction of Defendant in the position of Field Specialist.

**ANSWER:** UL admits that from November 2007 to March 31, 2017, Plaintiff was employed as a Field Specialist II. Except as expressly admitted, UL denies the allegations in Paragraph 17.

4

18. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Defendant classified Plaintiff and all other individuals employed in the position of Field Specialist as "salaried, non-exempt" for compensation purposes – meaning, Defendant compensated Plaintiff and all other Field Specialists with overtime pay for compensable work performed beyond forty (40) hours each workweek.

**ANSWER:** UL admits that employees in the Field Specialist II position were classified as non-exempt until March 31, 2017. Except as expressly admitted, UL denies the allegations in Paragraph 18.

19. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists performed Inspection work.

**ANSWER:** UL denies the allegations in Paragraph 19.

20. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff performed inspections exclusively on fire trucks and/or fire truck parts.

**ANSWER:** UL admits that Plaintiff was employed in the position of Field Specialist II by Defendant through March 31, 2017. Except as expressly admitted, UL denies the allegations in Paragraph 20.

21. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff's and all other Field Specialists' job duties primarily included physically performing non-destructive testing (such as welding inspections, pump testing inspections, aerial inspections, and ground ladder testing) on Defendant's customers' products.

**ANSWER:** UL admits that the duties of Field Specialists may include welding inspections, pump testing inspections, aerial inspections, and ground ladder testing. Except as expressly admitted, UL denies the allegations in Paragraph 21.

22. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists physically performed their job duties outside, in weld shops, and/or in factories.

**ANSWER:** UL denies the allegations in Paragraph 22.

23. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists physically performed their job duties off-site and/or away from Defendant's place of business.

**ANSWER:** UL admits the allegations in Paragraph 23.

24. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists did not perform their job duties in an office setting.

**ANSWER:** UL admits the allegations in Paragraph 24.

25. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff's and all other Field Specialists' job duties primarily included performing manual labor.

**ANSWER:** UL denies the allegations in Paragraph 25.

26. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists regularly travelled from customer to customer or from work-site to work-site during the work day and/or on weekends.

**ANSWER:** UL denies the allegations in Paragraph 26.

27. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists regularly travelled for special one-day assignments in other cities or locations during the work day and/or on weekends.

**ANSWER:** UL denies the allegations in Paragraph 27.

28. At times during Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists travelled away from home overnight on work days and/or on weekends.

**ANSWER:** UL denies the allegations in Paragraph 28.

29. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff's and all other Field Specialists' job duties primarily involved the use of skills and technical abilities in gathering factual information, applying known standards or prescribed procedures, determining which procedure to follow, and determining whether prescribed standards or criteria were met.

**ANSWER:** UL admits that Plaintiff's and Field Specialists' job duties primarily involved the use of skills and technical abilities, determining which procedure to follow, and determining whether prescribed standards or criteria were or as the case may be were not met. Except as expressly admitted, UL denies the allegations in Paragraph 29.

30. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff's and all other Field Specialists' job duties primarily involved performing specialized work along standardized lines involving well-established techniques, procedures, or specific standards that were catalogued or described in Defendant's (or others') manuals or handbooks within closely prescribed limits in order to determine the correct response to an inquiry or set of circumstances.

**ANSWER:** UL denies the allegations in Paragraph 30.

31. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff's and all other Field Specialists' job duties did not directly relate to Defendant's management or general business operations.

**ANSWER:** UL denies the allegations in Paragraph 31.

32. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists did not compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after various possibilities have been considered.

**ANSWER:** UL denies the allegations in Paragraph 32.

33. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists did not have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

**ANSWER:** UL denies the allegations in Paragraph 33.

34. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists did not manage, run, or operate any department or division of Defendant.

**ANSWER:** UL admits the allegations in Paragraph 34.

35. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, no other employees of Defendant reported directly to Plaintiff or any other Field Specialists.

**ANSWER:** UL admits the allegations in Paragraph 35.

36. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, Plaintiff and all other Field Specialists did not have the authority or actual ability to hire, fire, demote, promote, and/or establish the terms and conditions of any other employees' employment at Defendant.

**ANSWER:** UL admits the allegations in Paragraph 36.

37. During Plaintiff's employment with Defendant in the position of Field Specialist from approximately November 2007 to March 31, 2017, the performance of Plaintiff's and all other Field Specialists' job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

**ANSWER:** UL denies the allegations in Paragraph 37.

38. Effective April 1, 2017, Defendant changed Plaintiff's and all other Field Specialists' compensation classification status from "salaried, non-exempt" to "salaried, exempt" – meaning, Defendant would no longer compensate Plaintiff and all other Field Specialists with overtime pay for compensable work performed beyond forty (40) hours each workweek.

**ANSWER:** UL admits that on or about April 1, 2017, employees in the Field Representative II, Field Specialist III, and Field Specialist II positions titles were changed to Associate Field Engineer, Field Engineer and Senior Field Engineer respectively and were subsequently re-classified as exempt. Except as expressly admitted, UL denies the allegations in Paragraph 38.

39. Subsequent to April 1, 2017, Defendant changed Plaintiff's and all other Field Specialists' job titles from "Field Specialist" to "Field Engineer."

**ANSWER:** UL admits that on or about April 1, 2017, the Field Representative II, Field Specialist III, and Field Specialist II positions were retitled as "Associate Field Engineer," "Field Engineer" and "Senior Field Engineer," respectively. Except as expressly admitted, UL denies the allegations in Paragraph 39.

8

40. Subsequent to April 1, 2017, the job duties of the Field Engineer position did not change or differ in any way as they existed prior to April 1, 2017: the job duties of the "Field Engineer" position were exactly the same as the job duties of the "Field Specialist" position.

**ANSWER:** UL admits that on or about April 1, 2017, the written job description for the Field Engineer position was updated to reflect the actual duties of the position. Answering further, UL admits that prior to April 1, 2017, employees in the Field Engineer position were misclassified as non-exempt. Except as expressly admitted, UL denies the allegations in Paragraph 40.

41. Prior to April 1, 2017, Plaintiff worked between approximately forty (40) to forty-five (45) hours per workweek.

**ANSWER:** UL denies the allegations in Paragraph 41.

42. Subsequent to April 1, 2017, Plaintiff worked between approximately forty-five (45) to fifty (50) hours per workweek.

**ANSWER:** UL denies the allegations in Paragraph 42.

43. Subsequent to April 1, 2017, Plaintiff and all other Field Engineers received only a bi-weekly salary as compensation for work performed beyond forty (40) hours each workweek.

**ANSWER:** UL admits that after approximately April 1, 2017, employees in the Associate Field Engineer, Field Engineer, and Senior Field Engineer positions were classified as exempt from overtime compensation under all applicable law and were therefore neither paid nor entitled to payment of overtime hours at an overtime rate of pay. Answering further, UL admits that employees in the Associate Field Engineer, Field Engineer, and Senior Field Engineer positions are paid bi-monthly and are eligible for bonus compensation. Except as expressly admitted, UL denies the allegations in Paragraph 43.

44. Subsequent to April 1, 2017, Defendant did not compensate Plaintiff and all other Field Engineers at an overtime rate of pay for work performed beyond forty (40) hours each workweek.

**ANSWER:** UL admits that after approximately April 1, 2017, employees in the Associate Field Engineer, Field Engineer, and Senior Field Engineer positions were classified as exempt from overtime compensation under all applicable law and were therefore neither paid nor entitled to payment of overtime hours at an overtime rate of pay. Except as expressly admitted, UL denies the allegations in Paragraph 44.

45. Shortly prior to April 1, 2017, Defendant held a conference call with Plaintiff and other Field Specialists/Field Engineers, wherein Defendant stated that it was converting every Field Specialist/Field Engineer's compensation status from "salaried, non-exempt" to "salaried, exempt" in order "to make the work-life balance better," or words to that effect.

**ANSWER:** UL admits that before approximately April 1, 2017, it informed employees in the Field Representative II, Field Specialist III, and Field Specialist II positions that their positions would be retitled as "Associate Field Engineer," "Field Engineer" and "Senior Field Engineer," respectively and classified as exempt, effective April 1, 2017. Except as expressly admitted, UL denies the allegations in Paragraph 45.

46. Plaintiff and all other Field Engineers electronically record time worked each workweek via Defendant's computer and/or software system.

**ANSWER:** UL admits the allegations in Paragraph 46.

47. Defendant has access to and records Plaintiff's and all other Field Engineers' electronically recorded time worked each workweek via its computer and/or software system.

**ANSWER:** UL admits the allegations in Paragraph 47.

48. Despite having a detailed record of time actually worked by Plaintiff and all other Field Engineers subsequent to April 1, 2017, Defendant did not properly and lawfully compensate Plaintiff and all other Field Engineers for all hours actually worked, including at an overtime rate of pay.

**ANSWER:** Paragraph 48 calls for a legal conclusion for which no response is required. To the extent an answer is required, UL admits that subsequent to April 1, 2017, employees in the Associate Field Engineer, Field Engineer, and Senior Field Engineer positions were classified as

10

exempt from overtime compensation under all applicable law and were therefore neither paid nor entitled to payment of overtime hours at an overtime rate of pay. Except as expressly admitted, UL denies the allegations in Paragraph 48.

49. Defendant was or should have been aware that Plaintiff and all other Field Engineers primarily performed non-exempt job duties each workweek during their employment with it and, subsequent to April 1, 2017, were legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

**ANSWER:** UL denies the allegations in Paragraph 49.

50. Defendant's unlawful pay practices described above resulted in Plaintiff and all other Field Engineers being deprived of overtime pay for all hours worked beyond forty (40) in a workweek.

**ANSWER:** UL denies the allegations in Paragraph 50.

51. Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other Field Engineers at an overtime rate of pay for all hours worked beyond forty (40) in a workweek.

**ANSWER:** UL denies the allegations in Paragraph 51.

52. Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Plaintiff and all other Field Specialist/Field Engineers frequently worked in excess of forty (40) hours per workweek.

**ANSWER:** UL denies the allegations in Paragraph 52.

53. As a result of Defendant's unlawful policies and practices as described above, Plaintiff and all other Field Engineers did not receive anywhere from approximately ten (10) minutes to twenty (20) hours of compensation at an overtime rate of pay for work performed each workweek.

**ANSWER:** UL denies the allegations in Paragraph 53.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

54. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective Class**: All persons who are or have worked at and/or been employed by Defendant in the position of Field Specialist and/or Field Engineer

11

within three (3) years prior to this action's filing date (ECF No. 1) and who have not been compensated at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's "salaried, exempt" compensation classification.

**ANSWER:** UL admits that Plaintiff purports to bring the referenced action. Except as expressly admitted, UL denies the allegations in Paragraph 54.

55. Plaintiff and the FLSA Collective Class primarily performed non-exempt job duties each workweek subsequent to April 1, 2017 and, thus, were legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek

**ANSWER:** UL denies the allegations in Paragraph 55.

56. Defendant, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective Class for all hours of compensable work performed during a workweek.

**ANSWER:** UL denies the allegations in Paragraph 56.

57. These practices resulted in Plaintiff and the FLSA Collective Class being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) in a workweek.

**ANSWER:** UL denies the allegations in Paragraph 57.

58. Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work during the workweek without proper compensation for all hours of work. The effect of such a practice was for Defendant to deny the FLSA Collective Class their agreed upon wages, including overtime compensation at one and one-half times the regular rate, for the hours worked that were not counted as work.

**ANSWER:** UL denies the allegations in Paragraph 58.

59. The Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective Class.

**ANSWER:** UL admits that Plaintiff purports to bring a collective action pursuant to 29 U.S.C. § 216(b). Except as expressly admitted, UL denies the allegations in Paragraph 59.

60. The FLSA Collective Class claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Paragraph 60 constitutes a statement of law for which no response is required. To the extent an answer is required, UL denies the allegations in Paragraph 60.

61. Upon information and belief, Plaintiff and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective Class.

**ANSWER:** UL denies the allegations in Paragraph 61.

62. Plaintiff and the FLSA Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked including overtime compensation.

**ANSWER:** UL admits that Plaintiff purports to bring this action under the Fair Labor Standards Act. Except as expressly admitted, UL denies the allegations in Paragraph 62.

63. The FLSA Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Class via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

**ANSWER:** UL denies the allegations in Paragraph 63.

64. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective Class.

**ANSWER:** UL denies the allegations in Paragraph 64.

### CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938, as Amended
### (Plaintiff on behalf of himself and the FLSA Collective Class)

65. Plaintiff, on behalf of himself and the FLSA Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER:** UL reasserts its answers to the foregoing allegations as if fully set forth.

66. At all times material herein, Plaintiff and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

**ANSWER:** UL denies the allegations in Paragraph 66.

67. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective Class as provided under the FLSA.

**ANSWER:** UL admits that it is currently an employer of Plaintiff. Except as expressly admitted, UL denies the allegations in Paragraph 67.

68. At all times material herein, Plaintiff and the FLSA Collective Class were employees of Defendant as provided under the FLSA.

**ANSWER:** UL admits that Plaintiff is currently an employee. Except as expressly admitted, UL denies the allegations in Paragraph 68.

69. Plaintiff and the FLSA Collective Class are victims of uniform compensation policy and practice in violation of the FLSA.

**ANSWER:** UL denies the allegations in Paragraph 69.

70. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

**ANSWER:** UL denies the allegations in Paragraph 70.

71. Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective Class their agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

**ANSWER:** UL denies the allegations in Paragraph 71.

72. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**ANSWER:** Paragraph 72 constitutes a statement of law for which no response is required. To the extent an answer is required, UL denies the allegations in Paragraph 72.

73. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

14

**ANSWER:** Paragraph 73 constitutes a statement of law for which no response is required. To the extent an answer is required, UL denies the allegations in Paragraph 73.

74. Defendant's failure to properly compensate Plaintiff and the FLSA Collective Class and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER:** UL denies the allegations in Paragraph 74.

75. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective Class for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER:** UL denies the allegations in Paragraph 75.

76. Plaintiff and the FLSA Collective Class are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acting willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER:** UL denies the allegations in Paragraph 76.

77. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER:** UL denies the allegations in Paragraph 77.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former Field Specialist/Field Engineer employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees

that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Field Specialist/Field Engineer employees of Defendant damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Field Specialist/Field Engineer employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

e) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated Field Specialist/Field Engineer employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Provide Plaintiff and all other similarly-situated Field Specialist/Field Engineer employees with such other and further relief, as the Court deems just and equitable.

**ANSWER:** UL denies the allegations in the unnumbered "WHEREFORE" Paragraph and deny that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE AND/OR ADDITIONAL DEFENSES**

### **First Additional Defense**

The claim is barred in whole or in part because, pursuant to 29 U.S.C. § 259, UL's act or omission, if any, complained of, was in good faith and conformity with, and in reliance on administrative regulation, order, ruling, approval and interpretation of the United States

16

Department of Labor or an administrative practice or enforcement policy of the Department of Labor agency with respect to the class of employers to which UL belongs.

### Second Additional Defense

UL's actions or omissions were not willful within the meaning of applicable law.

### Third Additional Defense

The claim for liquidated damages is barred in whole or in part because, pursuant to 29 U.S.C. § 260, UL's act or omission, if any, in not paying overtime was in good faith and UL had reasonable grounds for believing that its act or omission, if any, was not a violation of any applicable law.

### Fourth Additional Defense

Pursuant to 29 U.S.C. § 213(a)(1), *et seq*. Plaintiff and members of the proposed collective action are and were at all relevant times exempt from overtime pay requirements under one or more exemptions, or combination of exemptions, including, but not limited to, the executive, administrative, professional, learned or creative, computer professional, and/or outside sales exemptions, and/or were highly compensated.

### Fifth Additional Defense

Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because he is not "similarly situated" to those he purports to represent.

### Sixth Additional Defense

Even if UL were found liable for overtime pay, which UL expressly denies, Plaintiff and the alleged collective action members would be entitled to no more than one-half their regular rate for any overtime hours worked as Plaintiff and the alleged collective action members were employed on a salaried basis and understood and agreed, at a minimum, that they would receive a

fixed amount of salary as straight time pay for whatever hours they were called upon to work in a workweek, whether few or many, as provided by 29 C.F.R. 778.114.

### Seventh Additional Defense

Plaintiff's request for injunctive relief is barred, in whole or in part, because he has an adequate remedy at law.

### Eighth Additional Defense

Plaintiff failed to mitigate his damages.

### Ninth Additional Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, 29 U.S.C. § 255.

### Tenth Additional Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

### Eleventh Additional Defense

UL reserves the right to amend its answer and to assert any and all further defenses as may become available at any later stage of this litigation.

WHEREFORE, UL prays that the Complaint be dismissed with prejudice and that this Court order such other relief as is just and proper.

Dated: February 9, 2018                     Respectfully submitted,

By: /s/ Michael P. Roche
    One of UL's Attorneys

18

Michael P. Roche
mroche@winston.com
Jasmine A.D. Fannell
jfannell@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600

*Attorneys for Defendant UL LLC*

19

Case 1:17-cv-01617-WCG   Filed 02/09/18   Page 19 of 20   Document 11

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 9th day of February, 2018, a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES was electronically filed with the Court using the CM/ECF system, which may be accessed by counsel for all Parties.

*/s/* Jasmine A.D. Fannell
Jasmine A.D. Fannell