UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID LEE, on behalf of himself
and all others similarly situated,

        Plaintiff,

   v.                                           Case No. 17-C-1617

UL LLC,

        Defendant.

## DECISION AND ORDER

Plaintiff David Lee filed suit on behalf of himself and all others similarly situated against his employer, Defendant UL LLC, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Presently before the court is Plaintiff's motion for contempt and to compel answers to discovery. Plaintiff asserts that Defendant failed to sufficiently respond to certain interrogatories and requests for production of documents. The court held a hearing on the motion on April 4, 2019, and allowed the parties to submit supplemental briefing on the matter. The motion has now been fully briefed and is ready for resolution. For the following reasons, the court partially grants the motion.

## BACKGROUND

Plaintiff brought this FLSA collective action on behalf of himself and all other similarly situated current and former exempt Field Specialist/Field Engineer employees of Defendant. Am. Compl. ¶ 1, Dkt. No. 33. From November 2007 to March 31, 2017, Plaintiff worked for Defendant in the position of Field Specialist in the Fire Equipment Services (FES) Division. *Id.* ¶ 17. During

this time, Defendant classified Plaintiff and all other individuals employed as Field Specialists in the FES Division as well as other Field Specialists working in Defendant's other divisions as "salaried, non-exempt" for compensation purposes. *Id.* ¶ 18. Effective April 1, 2017, Defendant changed the Field Specialists' compensation classification status from "salaried, non-exempt" to "salaried, exempt." *Id.* ¶ 38. Plaintiff alleges that Defendant also changed the Field Specialists' job titles from "Field Specialist" to "Field Engineer" but the job duties of those positions did not change in any way as they existed prior to April 1, 2017. *Id.* ¶¶ 39–40.

Plaintiff alleges that Defendant has an unlawful compensation system that deprives current and former Field Specialist/Field Engineer employees of their wages earned for all compensable work performed each workweek. Specifically, Plaintiff claims Defendant improperly characterized its current and former Field Specialist/Field Engineer employees as "salaried, exempt" for compensation purposes, despite the fact that these employees primarily perform non-exempt duties each workweek, and failed to compensate these employees at an overtime rate of pay for all compensable work performed beyond forty hours each workweek. *Id.* ¶ 3. Plaintiff seeks to certify a class consisting of

> [a]ll persons who are or have worked at and/or been employed by Defendant in the position of Field Specialist and/or Field Engineer from April 1, 2017 to the present and who have not been compensated at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's "salaried, exempt" compensation classification.

*Id.* at ¶ 54.

## ANALYSIS

The Federal Rules of Civil Procedure provide that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and is of]

2

discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Though the Federal Rules of Civil Procedure allow broad discovery, discovery will not be allowed if the requesting party failed to show the need for the information, compliance with the request is unduly burdensome or oppressive, or the harm of disclosure outweighs the need for the information. Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff seeks documents and information regarding six job titles: (1) Associated Field Engineer, (2) Field Engineer, (3) Senior Field Engineer, (4) Field Representative II, (5) Field Specialist II, and (6) Field Specialist III. Defendant has produced some documents responsive to Plaintiff's discovery requests related to Plaintiff and other Field Specialists and Field Engineers in the FES Division. To the extent Plaintiff's discovery requests seek information as to other positions in which Plaintiff never worked, Defendant argues that Plaintiff is not entitled to this discovery because the employees in those positions are not similarly situated to him.

The FLSA provides that an action for unpaid minimum wages or unpaid overtime compensation may be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). FLSA collective actions generally involve a two-step process in determining whether the representative plaintiff is "similarly situated" to the putative collective. *See Adair v. Wis. Bell, Inc.*, No. 08-CV-280, 2008 WL 4224360, at *8 (E.D. Wis. Sept. 11, 2008). At the first step, the court examines whether the plaintiff has made "at least a modest factual showing that such collective action is appropriate" and has demonstrated a "reasonable basis" to believe that he is similarly situated to potential class members.

3

*Id.* at *3–4. If the plaintiff makes this showing, the court may conditionally certify a collective action.

In other words, to pursue a collective action, Plaintiff must show that there are other potential plaintiffs who are similarly situated to him. Although the FLSA does not define the term "similarly situated," courts have found that "being similarly situated does not require identical positions of the putative class members; instead, it requires that common questions predominate among the members of the class." *Hawkins v. Alorica, Inc.*, 287 F.R.D. 431, 439 (S.D. Ind. 2012) (citing *Campbell v. Advantage Sales & Mktg., LLC*, No. 09-cv-1430, 2010 WL 3326752, at *3–4 (S.D. Ind. Aug. 24, 2010); *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010)). In this case, Plaintiff claims that the putative collective, which consists of employees who perform inspections for Defendant, were all "victims" of Defendant's decision to reclassify all employees who worked as Field Specialists and Field Engineers in salaried, non-exempt positions as salaried, exempt employees. Am. Compl. ¶ 69. Because Plaintiff alleges that Defendant's employees were subject to the same illegal practices, his discovery requests are relevant to the issue of whether Plaintiff is in fact similarly situated to the putative collective and those employees who are not employed in Plaintiff's division.

Moreover, Defendant's insistence that the putative collective is not similarly situated to Plaintiff requires that Plaintiff obtain discovery to make this showing. *See Molina v. First Lane Solutions LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007) ("Unless defendant admits in its answer or briefs that other similarly situated employees exist, plaintiffs cannot rely on their allegations alone to make the required modest factual showing."). Indeed, "courts routinely allow pre-certification discovery for the purposes of defining the class and identifying how many similarly

4

situated employees exist." *Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2013 WL 5663644, at *3 (N.D. Ill. Oct. 17, 2013) (citing *Chavez v. Hat World*, No. 12 C 5563, 2013 WL 1810137, at *2–3 (N.D. Ill. Apr. 29, 2013); *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *6 (N.D. Ill. Sept. 24, 2013)). Defendant cannot on the one hand contest collective action certification and on the other hand deny Plaintiff the discovery relevant to whether the collective action should be certified. Accordingly, Plaintiff's motion to compel is granted.

Plaintiff also seeks an order finding Defendant to be in contempt of the court's November 28, 2018 order for its failure to adequately respond to Plaintiff's discovery requests. "To prevail on a request for a contempt finding, the moving party must establish . . . that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). "Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001) (citing *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999)).

Plaintiff has not proven that Defendant is in contempt of a court order. On November 28, 2018, the court ordered Defendant to submit responses to Plaintiff's discovery requests on or before December 12, 2018. Dkt. No. 29. Defendant provided Plaintiff with Defendant's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents on December 12, 2018. Again, Defendant produced documents related to Field Specialists and Field Engineers in the FES Division but did not provide information regarding the putative collective who worked in other

divisions. Although Defendant may have refused to produce certain documents because it did not believe Plaintiff was similarly situated to the putative collective, it did respond to Plaintiff's discovery requests. Given those responses, the court does not find that Defendant violated a direct court order. Plaintiff's motion for contempt is therefore denied.

## CONCLUSION

For these reasons, Plaintiff's motion to compel (Dkt. No. 34) is **GRANTED** and his motion for contempt (Dkt. No. 34) is **DENIED**. Defendant must supplement its discovery responses within fourteen days of the date of this order. Plaintiff's motion for conditional certification is due on or before July 12, 2019.

**SO ORDERED** this   30th   day of April, 2019.

                                          s/ William C. Griesbach  
                                          William C. Griesbach, Chief Judge  
                                          United States District Court